J-S51036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAROLD DICKSON | : | |
| | : | |
| Appellant | : | No. 729 MDA 2019 |

Appeal from the PCRA Order Entered April 5, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001667-2015


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAROLD DAVID DICKSON | : | |
| | : | |
| Appellant | : | No. 730 MDA 2019 |

Appeal from the PCRA Order Entered April 5, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001669-2015


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAROLD DAVID DICKSON | : | |
| | : | |
| Appellant | : | No. 731 MDA 2019 |

Appeal from the PCRA Order Entered April 5, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001666-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
HAROLD DICKSON :
:
Appellant : No. 732 MDA 2019

Appeal from the Order Entered April 5, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001665-2015


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
HAROLD DAVID DICKSON :
:
Appellant : No. 733 MDA 2019

Appeal from the PCRA Order Entered April 5, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001672-2015


BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

DISSENTNG MEMORANDUM BY GANTMAN, P.J.E.:

**FILED NOVEMBER 07, 2019**

I respectfully dissent because I think Appellant complied with the express dictates of **Commonwealth v. Walker**, 646 Pa. 456, 469, 185 A.3d 969, 977 (2018) (holding prospectively: "[T]he proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket.  The failure to do so requires the appellate court to

quash the appeal"). ***Walker*** relied on the 2013 amendment to the Official Comment of Pa.R.A.P. 341(a) (stating where one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed).

Recently, in ***Commonwealth v. Creese***, 2019 PA Super 241 (filed August 14, 2019), a panel of this Court interpreted ***Walker*** "as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead a notice of appeal may contain only one docket." ***Id.*** at **\*2**. In my opinion, ***Creese*** represents an unwarranted extension of ***Walker***, because nothing in ***Walker*** includes a "one docket number only per notice of appeal" mandate. Said another way, nothing in ***Walker*** prohibits an appellant from filing a notice of appeal listing more than one docket number, so long as the appellant files a separate notice of appeal at each relevant underlying docket, which is consistent with Rule 341(a). Further, ***Creese*** decidedly penalizes appellants, especially *pro se* appellants, who had absolutely no way to intuit the additional requirement ***Creese*** grafted onto ***Walker***. Here, Appellant filed five separate *pro se* notices of appeal, one at each underlying docket. In my view, Appellant complied with ***Walker***, even though he included all five docket numbers on each notice of appeal. Instead of quashing these consolidated appeals under ***Walker***, based on the "infused" ***Creese*** technicality, I would affirm the PCRA

court's decision, based on statutory untimeliness (*see* 42 Pa.C.S.A. § 9545(b)) and Rule 1925(b) waiver. Accordingly, I dissent.